IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| JASON LAWRENCE AND GIDGET LAWRENCE D/B/A DYERSBURG AUTOMOTIVE | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil No: 23-cv-1236-STA-jay |
| PRIMALEND CAPITAL PARTNERS, LP PPOC, LLC previously known as PRIME AUTO USA, and GARY MCHAHAN, | § § § § § | |
| Defendants | § | |

**AMENDED COMPLAINT**

Come now the Plaintiffs and for this cause of action against the Defendants would state and show:

1. The Plaintiffs, Jason and Gidget Lawrence, operate a business known as Dyersburg Automotive in Dyersburg, Dyer County, Tennessee.

2. Defendant, Primalend Capital Partners, LP, is upon information and belief, a Texas limited partnership and not registered to conduct business in Tennessee. Upon information and

belief, the registered agent for Primalend Capital Partners, LP is Northwest Registered Agent, LLC, 7901 4th Street N., Ste. 300, St. Petersburg, FL 33702.

3. Defendant, Prime Auto, USA is a Delaware limited liability company registered to conduct business in the State of Tennessee and with at least one place of business within Tennessee in Jackson, Madison County, Tennessee. Upon information and belief, Prime Auto operates as a lender to used car dealers throughout the United States. According to the Tennessee Secretary of State records, Prime Auto USA was administratively dissolved and its name cancelled in 2021. However, the company is active under its new name, PPOC, LLC. Upon information and belief, the registered agent for PPOC, LLC is Capitol Corporate Services, Inc., Ste. B, 992 Davidson Dr., Nashville, TN 37205-1051.

4. Upon information and belief, Defendant, Gary McMahan, is the Chief Financial Officer for Primalend and may be served with process at 10300 North Central, Ste. 410, Dallas, Texas 75231. Upon information and belief, Gary McMahan is also an owner of Prime Auto USA located at 1377 Hwy. 45 Bypass in Jackson, Tennessee.

5. The actions complained of herein occurred within the boundaries of Dyer County, Tennessee such that venue is appropriate within Dyer County, Tennessee

6. On or about September 26, 2022, the Plaintiffs were the leasehold estate holders of a portion of property located at 1620 Forrest Street (Map 99 Parcel 1.03), Dyersburg, Dyer County, Tennessee. The owners of the property are Chris and Natalie Young of Dyersburg, Tennessee.

7. Initially, Plaintiffs only leased the back portion of the building located at 1620 Forrest Street. At the time, the front portion of the building was leased by Auto Finance Center of Dyersburg, LLC which was an Oklahoma LLC owned by Lisa Ramsey. Upon information

and belief, Auto Finance Center, LLC was a used car dealership and/or a title loan company. Ms. Ramsey subsequently vacated the front portion of the building leaving the Plaintiffs as the only tenants.

8. Orion, LLC sold the building to Mr. and Mrs. Young in 2021. At the time of the incidents described herein, the Plaintiffs were leasing the property from Mr. and Mrs. Young. The property leased to the Plaintiffs included multiple lifts by which automobiles are/were raised to be serviced.

9. On or about September 26, 2022, Gary McMahan appeared at the said property with individuals who were wearing uniforms that identified them as employees of Prime Auto. Chris Young, owner of the property, allowed the said persons into the building. Gary McMahan and Prime Auto employees with him declared they were there to repossess three automobile lifts and claimed the said lifts as property of Auto Finance Center of Dyersburg.

10. The Plaintiffs objected to the removal of the automobile lifts and explained that the lifts were fixtures of the leased property for which they paid rent, but Mr. McMahan and the employees of Prime Auto unbolted the lifts from the concrete floor, unwired them and left exposed electrical wires.

11. The lifts that were removed were not the property of Auto Finance Center but were owned by the landlord and rented to the Plaintiffs.

12. The lifts are legally fixtures and Primalend has perfected no UCC fixture filings in Dyer County, Tennessee so as to assert a claim against the lifts even had they belonged to Auto Finance Center of Dyersburg, LLC – which they did not.

13. On or about September 27, 2022, a man identifying himself as "Eric" and who identified himself as an employee of Prime Auto along with other Prime Auto employees appeared at

the leasehold estate and began removing property owned by the Plaintiffs including office equipment, files, tools, and other equipment. Upon information and belief, "Eric" is the shop manager for Prime Auto.

14. The Plaintiffs objected to the removal of above-described property advising "Eric" and the other Prime Auto employees that the said property did not belong to Lisa Ramsey or Auto Finance Center. The Prime Auto employees spoke profanities to the Plaintiffs, trashed their office, removed files which contained Plaintiffs' customers' private protected personal data. One or more of the Prime Auto employees then proceeded to urinate on the files left in the floor.

15. The Dyersburg Police Department and the Dyer County Sheriff were called as the confrontation became physical causing Plaintiff, Gidget Lawrence, to suffer injuries.

16. Upon information and belief, Prime Auto was acting as agent for Primalend for purposes of the incidents described herein.

## CONVERSION

17. The Plaintiffs incorporate the preceding paragraphs 1 – 16 as though set forth fully herein.

18. The Defendants, separately or jointly, appropriated property of the Plaintiffs to their own use and benefit, including, but not limited, various pieces of office equipment, files, tools, and other equipment owned by the Plaintiffs. Although the Plaintiffs did not own the automobile lifts taken by the Defendants, they were fixtures to the leased property for which the Plaintiffs paid monthly rent to the owners of said property and to which they had a legal right to the continued and exclusive possession of.

19. The Defendants, separately or jointly, intentionally exercised dominion over the property of the Plaintiffs.

20. The Defendants' actions, whether separately or jointly, were in defiance of the true owners (the Plaintiffs') rights.

21. The action of both Defendants, separately and/or jointly, including the taking of personal property owned by the Plaintiffs and securing that property from the Plaintiffs in contravention of their rights amount to conversion of that property.

22. The Plaintiffs were damaged by this tort including, but not limited to, the value of the taken property and the loss of use of that equipment to service its operations.

TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS

23. The Plaintiffs incorporate the preceding paragraphs 1 – 22 as though set forth fully herein.

24. There was an existing business relationship with specific third parties and prospective relations with an identifiable class of third persons to which the Plaintiffs sold their professional services. The Plaintiffs publicly conducted their business of auto repair and maintenance and sought new and ongoing work from former, current, and future clients in the Dyersburg, Tennessee vicinity and surrounding area.

25. A reasonably prudent person in the Defendants' position would have known that the Plaintiffs' business, Dyersburg Automotive, was a business dealing with some aspect of automotives; therefore, it is more likely than not, that Plaintiffs had customers (third-parties). It should have been obvious to the Defendants that Plaintiff were using the three automobile lifts in their business to service their customers.

26. The Defendants had knowledge of that relationship. In illegally taking files from the Plaintiffs' office, Defendants were in possession of Plaintiffs' customers' private protected

personal data; and, therefore, had knowledge of the Plaintiffs' relationship with their customers.

27. The Defendants intended to cause the breach or termination of the business relationship or to prevent the development of potential relationships.

28. The Defendants engaged in improper motive or improper means.

29. The Plaintiffs suffered damages resulting from the tortious interference.

<u>PERSONAL INJURY</u>

30. The Plaintiffs incorporate the preceding paragraphs 1 – 29 as though set forth fully herein.

31. The Plaintiff, Gidget Lawrence, was assaulted by the agent or employee of one or both of the Defendants. One of the Defendants' agents intentionally, or with tortious disregarded to the consequences of his actions, struck Mrs. Lawrence with a door of a U-Haul truck.

32. As a results of this improper assault, the Plaintiff suffered physical injury to her person and was damaged as a result thereof.

33. As a result of her injuries, the Plaintiff has incurred medical expenses for necessary medical treatment.

34. The Defendants are legally liable for the actions of their agents and employees.

WHEREFORE, PREMISES CONSIDERED, PLAINTIFFS, PRAY FOR THE FOLLOWING RELIEF:

1. That process issue and be served on the Defendants, and that they be required to answer within the time allowed under the law.

2. Judgment entered in favor of Plaintiffs against the Defendants for conversion and an award of damages of not less than $500,000.00.

3. Judgment entered in favor of Plaintiffs against Defendants for intentional interference with a business relationship and award of damages in the amount of $500,000.00.

4. Judgment entered in favor of Plaintiff, Gidget Lawrence, against Defendants for personal injuries and award of damages in the amount of $500,000.00.

5. An award of pre-judgment interest, attorney fees, costs and post-judgment interest in favor of Plaintiff.

6. Such other and further relief to which Plaintiffs may be entitled.

ASHLEY & ARNOLD

322 Church Ave N.; P. O. Box H
Dyersburg, TN  38025
(731) 285-5074 Telephone
(731) 285-5089 Facsimile
matt@ashleyarnold.com

Counsel for the Plaintiffs


By:/s/ Matthew W. Willis            .
        Matthew W. Willis (TN 24830)